UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY; AND NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY. | CAUSE NO.: 4:13-CV-00007 JURY TRIAL DEMANDED |
| **Plaintiffs,** | |
| vs. | |
| HARRIS MEDICAL ASSOCIATES, LLC; and ST. LOUIS HEART CENTER, INC. | |
| **Defendants.** | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide Property and Casualty Insurance Company ("Plaintiffs") file this Complaint for Declaratory Judgment.

## PARTIES

1.

Plaintiffs are each incorporated under the laws of Ohio with their principal places of business in Ohio. Plaintiffs seek a declaration of coverage obligations owed under a liability insurance policy.

1

2.

Harris Medical Associates, LLC ("Harris Medical"), a defendant herein, is a limited liability company whose members reside in Georgia.  For federal jurisdictional purposes, therefore, Harris Medical is a resident of Georgia that may be served through Charles E. Harris, Jr., 1180 Satellite Blvd., Ste. 200, Suwanee, GA 30024.  Harris Medical seeks coverage from Nationwide for claims asserted in an underlying lawsuit.

3.

St. Louis Heart Center, Inc. ("St. Louis"), a defendant herein, is a Missouri corporation with its principal place of business in Missouri.  It may be served through its Registered Agent, Ron Weiss, at 1031 Bellevue, Ste. 206, St. Louis, MO 63117.  St. Louis asserts claims against Harris Medical and is named so it will be bound by the coverage rulings of this Court.

**JURISDICTION AND VENUE**

4.

There is complete diversity of citizenship between plaintiff and defendants.

5.

The amount in controversy exceeds $75,000.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

7.

Venue lies in the Eastern District of Missouri because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. 28 U.S.C. § 1391(b)(2).  Venue further lies in the Eastern Division of the Eastern District where the underlying lawsuit which gives rise to this coverage action is pending. Local Rule 3-2.07.

8.

There is an actual controversy over insurance coverage such that this Court may declare the rights and obligations of Nationwide pursuant to 28 U.S.C. § 2201.

**UNDERLYING LAWSUIT**

9.

St. Louis filed a lawsuit against Harris Medical on July 12, 2012 in the Circuit Court of St. Louis County, where the case was assigned case number 12SL-CC02651 ("Underlying Lawsuit).  Harris Medical removed the lawsuit to this Court, where it was assigned Civil Action No. 4:12-cv-01555-JCH.  A true and complete copy of the St. Louis' complaint is attached as Exhibit A.

10.

In its complaint, St. Louis sought damages under three counts arising from the alleged transmission of six unsolicited fax advertisements by Harris Medical in 2011.  Count I of the complaint alleged a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Count II alleged a conversion claim under Missouri's common law based on the misappropriation of the class members' fax machines, toner, paper, and employee time.  Count III, which alleged a claim under the Missouri Consumer Fraud and Deceptive Business Practices Act, has been dismissed.  Accordingly, the counts remaining in the lawsuit at this time are violations of the TCPA and common law conversion.

11.

Under the TCPA claim, St. Louis seeks to represent a class of "[a]ll persons who on or after four years prior to the filing if this action, were sent telephone facsimile messages of material advertising the availability of medical services by or on behalf of Defendant."   Further, St. Louis seeks to represent a similar class for the conversion claim, for all persons who were sent facsimiles in the five year period preceding its filing of the Underlying Lawsuit.

12.

Plaintiffs have agreed to defend Harris Medical under reservation of rights, including the ability to seek declaratory judgment on its coverage obligations.  A true and complete copy of the Reservation of Rights letter is attached as Exhibit B.

## INSURANCE POLICY PROVISIONS

### Policies issued by Nationwide Mutual and by Nationwide Property

13.

Nationwide Mutual Insurance Company ("Nationwide Mutual") issued businessowners liability policy No. 77 BO 8427593001 to Harris Medical for the period February 13, 2007 to February 13, 2008. Nationwide Property and Casualty Insurance Company ("Nationwide Property") issued premier businessowners liability policies Nos. ACP BPOK 2302991511, effective February 13, 2008 to February 13, 2009; ACP BPOK 2312991511, effective February 13, 2009 to February 13, 2010; and ACP BPOK 2322991511, effective February 13, 2010 until its cancellation on March 13, 2010. True and complete copies of these policies are attached as Exhibits C, D, E and F.

### The Nationwide Mutual Policy (2007-2008 period)

14.

The Nationwide Mutual policy covers "bodily injury," "property damage," "personal injury" and "advertising injury."

15.

The policy covers "bodily injury" and "property damage" that occurs during the policy period and is caused by an "occurrence."

5

16.

"Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined in pertinent part as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."

17.

The policy excludes coverage for "property damage that is expected or intended from the standpoint of the insured." By endorsement, coverage is also excluded for "'property damage' arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA.

18.

In addition, the policy covers "personal injury" and "advertising injury" caused by an "offense" committed during the policy period. In pertinent part, "offense" includes "oral or written publication of material that violates a person's right of privacy." The policy excludes losses or damages arising out of any act committed "[b]y or at the direction of any insured" and "[w]ith the intent to cause a loss." Coverage is excluded as well for injury that arises out of "oral or written publication of material whose first publication took place before the beginning of the policy period" or "out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured." In addition, by endorsement,

6

coverage is excluded for "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA.

## The Nationwide Property Policies (2008-2010 periods)

19.

Each of the Nationwide Property policies cover "bodily injury" and "property damage" under Coverage A and "personal and advertising injury" under Coverage B.

20.

Coverage A of the policies cover "bodily injury" and "property damage" that occurs during the relevant policy period and is caused by an "occurrence."

21.

"Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined in pertinent part as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."

22.

The policies provide that that if the insured knew, prior to the policy period, that "bodily injury" or "property damage" had occurred, "then any continuation,

7

change or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period."

23.

The policy excludes coverage for "property damage that is "expected or intended from the standpoint of the insured." By endorsement, coverage is also excluded for "'property damage' arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA.

24.

Coverage B of the Nationwide Property policies cover "personal and advertising injury" that is caused by an "offense" committed during the policy period. The policies define offenses to include, in pertinent part, an "oral or written publication of material that violates a person's right of privacy."

25.

Coverage is excluded for injury that arises out of "oral or written publication of material whose first publication took place before the beginning of the policy period" or "out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured." The policies further exclude "personal and advertising injuries" which are "[c]aused by or at the direction of the insured with the knowledge that the act would violate rights of another and would inflict 'personal and advertising injury.'" In addition, by endorsement, coverage is

excluded for "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA.

## Policy issued by Nationwide Mutual Fire
## (Umbrella policy for 2009-2010 period)

26.

In addition, Nationwide Mutual Fire Insurance Company (Nationwide Mutual Fire) issued commercial umbrella liability policy No. ACP CAF 2312991511 for the period April 9, 2009 to February 13, 2010.  A true and complete copy of the policy is attached as Exhibit G.

27.

Coverage A of the policy covers "loss" in excess of the policy limits of "underlying insurance," so long as the injury or offense occurs during the policy period of the commercial umbrella liability policy.  The term "loss" is defined in pertinent part as "those sums actually paid in the settlement or satisfaction of a claim which the 'insured' is legally obligated to pay as damages because of injury or offense."  "Underlying insurance," according to the terms and definitions of the policy, refers to the Nationwide Property policy with a policy period of February 13, 2009 to February 13, 2010.

28.

Substantively, Coverage A applies to "bodily injury," "property damage" and "personal and advertising injury." These terms are defined in the same manner as the Nationwide Mutual and Nationwide Property policies.

29.

Coverage B of the Nationwide Mutual Fire policy covers "bodily injury," "property damage," or "personal and advertising injury" that takes place during the policy period and is caused by an "occurrence." Coverage B applies if there is no coverage under the 2009 Nationwide Property policy, excess of the retention shown on the Declarations page and subject to the terms and conditions of the policy. Further, by endorsement, Coverage B's insuring agreement is amended to provide that if the insured knew, prior to the policy period, that bodily injury or property damage had occurred, "then any continuation, change or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period."

30.

With respect to "personal and advertising injury," Coverage B defines an "occurrence" as "a covered offense," including all damages arising from that act. All other relevant terms are defined in a manner identical to the other policies.

31.

Coverage is excluded in pertinent part for "bodily injury" or "property damage" that is "expected or intended from the standpoint of the 'insured.'" Coverage is also excluded under Coverage B for "personal and advertising injury" arising out of "willful violation of a penal statute or ordinance committed by or with the consent of the 'insured.'" By endorsement, the Nationwide Mutual Fire policy excludes all coverage for "personal injury," "advertising injury" or "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA.

## ADDITIONAL ALLEGATIONS

32.

Because St. Louis Heart Center received the six facsimiles at issue nearly a year after the end of all of the Nationwide policy periods, there was neither any property damage occurring during the policy period nor personal and advertising injury caused by an offense committed during the policy period, and thus none of the claims asserted are covered by any of the policies.

33.

Harris Medical's transmission of the unsolicited facsimiles was not an "accident," and thus the "property damage" alleged did not arise out of an "occurrence" as defined by the policies, and is not covered under any Plaintiffs' policies.

34.

The use of the fax machine, toner, paper, and employee time was expected or intended from Harris Medical's standpoint, and therefore not covered under the businessowners or premier businessowners policies.

35.

Because the St. Louis alleges that Harris Medical transmitted unsolicited facsimiles to class members in the four years prior to the filing of the Petition, Harris Medical knew of the "property damage" prior to the inception of any of the policy periods, and such "property damage" is accordingly not covered by the Nationwide Mutual and Nationwide Mutual Fire policies.

36.

There is no coverage under the Nationwide Mutual Fire policy because there is no coverage under the "underlying insurance," and thus there can be no loss in excess of the policy limits of that "underlying insurance."

37.

All of the claims in St. Louis' complaint arise out of acts that violate or are alleged to violate the TCPA, and are thus excluded under all of the policies.

**RELIEF SOUGHT**

38.

Based on all the terms, conditions, and exclusions in the policies (whether expressly mentioned or identified in this Complaint or not), as well as under

relevant legal principles and public policy concerns, Nationwide seeks a declaration as to its obligations to defend and/or indemnify the claims asserted in the underlying lawsuit.

WHEREFORE, Plaintiffs pray that the Court:

(a)  Declare that Plaintiffs owe no duty to defend or indemnify the claims asserted in the underlying lawsuit;

(b)  Award other and further relief as is just and proper; and

(c)  Convene a jury to resolve all issues so triable.

**DANNA MCKITRICK, P.C.**

BY:   /s/ Kevin E. Myers
**John F. Cooney**, #32522MO
**Kevin E. Myers**, #51838MO
7701 Forsyth Blvd., Suite 800
St. Louis, MO  63105-3907
Phone:   (314) 726-1000
Fax:        (314) 725-6592
E-mail:   jcooney@dmfirm.com
E-mail:   kmyers@dmfirm.com

**ATTORNEYS FOR PLAINTIFF**

And

**FREEMAN MATHIS & GARY, LLP**

Philip W. Savrin
*Pro Hac Vice Pending*
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770-818-0000
F: 770-937-9960
E: psavrin@fmglaw.com
Attorney for Plaintiffs