# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:13-CV-7 CAS |
| HARRIS MEDICAL ASSOCIATES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on plaintiffs' motion to dismiss the counterclaim of defendant St. Louis Heart Center, Inc.'s ("St. Louis Heart") for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure.  St. Louis Heart opposes the motion and it is fully briefed.  For the following reasons, the motion will be granted.

**Background**

Plaintiffs Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and Nationwide Property and Casualty Insurance Company (collectively "Nationwide") filed this action seeking a declaration that they have no duty to defend their insured, defendant Harris Medical Associates, LLC ("Harris"), for claims asserted against it in underlying litigation filed by St. Louis Heart.  See St. Louis Heart Center, Inc. v. Harris Medical Center, Inc., No. 4:12-CV-1555 JCH (E.D. Mo.).[1]  The underlying litigation is a putative class action and is based on

---

[1] The Court takes judicial notice of the file in the underlying litigation.

Harris's alleged transmission of six unsolicited fax advertisements to St. Louis Heart in 2011.  Two claims remain in the underlying case: (1) violations of the Telephone Consumer Protection Act ("TCPA"), and (2) conversion under Missouri common law.  Nationwide is defending Harris in the underlying litigation under a reservation of rights, and the parties are currently engaged in settlement negotiations.[2]

Nationwide moves to dismiss St. Louis Heart's counterclaim for failure to state a claim upon which relief can be granted, asserting that St. Louis Heart as a mere claimant in this declaratory judgment action lacks standing to assert affirmative relief.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the counterclaim.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (discussing motion to dismiss complaint and quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A party need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)

---

[2]Under the Amended Case Management Order in Case No. 4:12-CV-1555 JCH, St. Louis Heart's class certification motion was due September 30, 2013.  On that date, St. Louis Heart filed a consent motion to stay briefing on the motion for class certification for a period of forty-five days, until November 15, 2013, "to give the parties an opportunity to reach an individual settlement in this matter."  Consent Mot. at 1 (Doc. 43).  The motion was granted by docket text order of October 1, 2013 (Doc. 44).

(citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a party to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  A counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the counterclaim, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the counterclaim to determine whether its allegations show that the pleader is entitled to relief.  Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a counterclaim is inapplicable to legal conclusions, however.  See Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

**Discussion**

St. Louis Heart's counterclaim seeks a declaration that the insurance policies Nationwide issued to Harris require Nationwide to defend and indemnify Harris for the claims made by St. Louis Heart in the underlying litigation, individually and on behalf of the putative class.  Nationwide moves to dismiss, asserting that St. Louis Heart is a party to this declaratory judgment action solely in its status as a tort claimant against Nationwide's insured, and as a mere claimant can participate in this action but does not have standing to assert affirmative relief against Nationwide.

Nationwide cites Wolfe v. Gilmour Manufacturing Co., 143 F.3d 1122, 1126 (8th Cir. 1998), for the proposition that in a diversity case, a federal court will not address a party's claims unless

the party meets the "case or controversy" requirements of Article III of the Constitution and also has standing to sue under the relevant state law.  In diversity cases, the choice of law rules of the forum state determine which state's substantive law applies.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941).  Missouri is the forum state.  "Missouri courts apply the most significant relationship test as set forth in Restatement (Second) of Conflict of Laws Section 188 when resolving choice of law issues."  Sturgeon v. Allied Professionals Ins. Co., 344 S.W.3d 205, 211 (Mo. Ct. App. 2011) (cited cases omitted).  Nationwide states that under Missouri law, the coverage obligations will likely be determined under Georgia law as the place where the insured, Harris, is located and the policies were issued, citing Sturgeon, id. ("in an action between parties to an insurance contract, the principal location of the insured risk is given greater weight than any other single contact in determining the state of applicable law.").

Nationwide asserts that under case law of both Missouri and Georgia, mere claimants who do not have a judgment against an insured have no rights to assert against the insurer, citing Grisamore v. State Farm Mutual Automobile Insurance Co., 306 S.W.3d 570, 574 (Mo. Ct. App. 2010) ("The general rule is that an injured party cannot proceed in a direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm sustained by the claimant." (quoted case omitted)); and Commercial Union Insurance Co. v. Bradley Co., 367 S.E.2d 820, 822 (Ga. Ct. App. 1988) ("the general rule is that a party who alleges he has been damaged is not entitled to bring a direct action against the liability insurer of the party who allegedly caused the damage.").

Nationwide argues that because St. Louis Heart is a mere claimant in this action, seeking to establish the liability of Nationwide's insured in the underlying litigation, it lacks standing to assert

4

a counterclaim against Nationwide.  Nationwide notes that although St. Louis Heart lacks standing to assert its counterclaim, this does not mean it cannot litigate Nationwide's obligations to Harris, as it was joined in this action as a party defendant for that purpose.

St. Louis Heart responds that it was joined as a necessary party in this action and, having been made a party, under Rule 19(a) it must bring its own action for declaratory judgment as a compulsory counterclaim under Rule 13(a), Fed. R. Civ. P.  St. Louis Heart asserts that under these circumstances, it has standing to seek its own declaration that insurance coverage is available with respect to the underlying litigation, and that if it does not assert its compulsory counterclaim, it would be barred.

St. Louis Heart further responds that it has Article III standing and that whether a plaintiff in federal court has standing to maintain an action is a question of federal rather than state law, citing Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928, 933 (8th Cir. 2012).  St. Louis Heart states it is well established that an insurance coverage declaratory judgment action presents a ripe controversy under Article III, and that the Supreme Court in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941), "held that a tort claimant presented a proper action under Article III to seek declaratory judgment in federal court that the tortfeasor's insurer owned the insured tortfeasor a duty to indemnify, even though the underlying suit had not yet been reduced to judgment."  Br. in Opp'n to Pls.' Mot. to Dismiss Countercl. at 11-12 (Doc. 50).[3]

---

[3]Later in its opposition memorandum, St. Louis Heart states that Maryland Casualty is "[b]oth apposite and controlling here" because "the United States Supreme Court held that a tort claimant, like St. Louis here, had Article III standing to seek a declaration that the tortfeasor's insurer owed the insured tortfeasor a duty to indemnify, even though the underlying suit had not yet been reduced to judgment."  Br. in Opp'n to Pls.' Mot. to Dismiss Countercl. at 17 (Doc. 50).

St. Louis Heart's description of Maryland Casualty's holding, which is central to its

Nationwide replies that the core question is whether a claimant can assert a substantive cause of action against the insurer of the party against whom liability is asserted.  Nationwide asserts that under the laws of both Missouri and Georgia, no action by a claimant lies against the insurer at least until there is a judgment to enforce.  Nationwide also states that St. Louis Heart does not cite a single case holding that a claimant in its position can pursue declaratory relief against the insurer of the party it has sued.  Nationwide concludes, "Without a cause of action, no claim can be asserted regardless of federal standing or jurisdictional concerns," and that Rule 13 is merely procedural. Reply at 3.

Although Nationwide's motion to dismiss is based on Rule 12(b)(6), it argues that St. Louis Heart lacks standing to seek a declaratory judgment against it.  The Eighth Circuit has explained that a "standing argument implicates Rule 12(b)(1)" rather than Rule 12(b)(6), Faibisch v. University of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002), because "if a [party] lacks standing to sue, the district court has no subject-matter jurisdiction" over its claims.  ABF Freight System, Inc. v. International Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011).  As a result, the claims of a party

---

argument, is inaccurate.  Maryland Casualty was a declaratory judgment action by an insurance company that named as defendants its insured and a tort claimant.  No judgment had yet been entered in favor of the tort claimant against the insured.  The tort claimant successfully argued in the district court that the insurance company did not state a cause of action against him, and the Sixth Circuit affirmed.  On review, the Supreme Court concluded the insurance company's allegations were sufficient to entitle it to the declaratory relief sought in its complaint, including against the tort claimant, and held "that there is an actual controversy between [the insurance company] and the [tort claimant], and hence, that [the insurance company's] complaint states a cause of action against the [tort claimant]." 312 U.S. at 274.  The Supreme Court did not hold that the tort claimant had standing to seek a declaration that the "insurer owed the insured tortfeasor a duty to indemnify," as St. Louis Heart asserts.  The Court acknowledges that the court in Lott v. Scottsdale Insurance Co., 811 F.Supp.2d 1224, 1231 (E.D. Va. 2011), describes the Maryland Casualty decision in the same manner as does St. Louis Heart, but the Court believes that characterization of the case is incorrect and declines to adopt it.

that lacks standing are properly dismissed under Rule 12(b)(1).  Cook v. ACS State & Local Solutions, Inc., 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010), aff'd, 663 F.3d 989 (8th Cir. 2011). The Court therefore construes Nationwide's motion as a motion under Rule 12(b)(1).

Under Rule 12(b)(1), a motion may challenge a claim on its face or on the factual truthfulness of its assertions.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  When a party makes a facial challenge, as Nationwide does, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the [party] fails to allege an element necessary for subject matter jurisdiction." Id. & n.1 (citation omitted).  The Court therefore accepts the factual allegations of St. Louis Heart's counterclaim as true for purposes of this motion.

The Eighth Circuit has held that in a diversity case, a federal court may not address a party's claims unless the party establishes standing to sue under both Article III of the United States Constitution and the relevant state law.  Wolfe, 143 F.3d at 1126; see also Evanston Ins. Co v. Harris Medical Assocs., LLC, 2013 WL 4505298, at *2 (E.D. Mo. July 10, 2013) (citing Wolfe and holding that St. Louis Heart lacked standing to assert a counterclaim similar to that filed in this case).  The Miller v. Redwood Toxicology case does not hold that state law is irrelevant to the standing inquiry in a diversity case, as St. Louis Heart appears to suggest, but rather articulates the separate proposition that "[s]tate courts may afford litigants standing to appear where federal courts would not, but whether they do so has no bearing on the parties' Article III standing in federal court."  688 F.3d at 934 (quoted case omitted).

Assuming, without deciding, that St. Louis Heart has Article III standing, the dispositive issue is whether St. Louis Heart has standing under state law to assert a counterclaim against Nationwide seeking a declaration that Nationwide owes a duty to defend and indemnify Harris in

the underlying litigation, where it has not yet obtained a judgment against Harris.  See Wolfe, 143 F.3d at 1126.

Under Missouri law, a party has standing to obtain a declaration of rights, status and legal relationship under any contract only if it is a party to the contract or a third party beneficiary thereof. Evanston Ins., 2013 WL 4505298, at **2-3 (quoting Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n, 258 S.W.3d 547, 558 (Mo. Ct. App. 2008)).  It is undisputed that St. Louis Heart is not a party to the insurance contract and has not obtained a judgment against the insured, nor does it have a written agreement with Harris and Nationwide establishing Harris's liability.  See Carden, 258 S.W.3d at 558.  Further, St. Louis Heart has not established that it is a third party beneficiary of the insurance contract between Nationwide and Harris.  See Desmond v. American Ins. Co., 786 S.W.2d 144, 145 (Mo. Ct. App. 1989) ("Traditionally, Missouri courts have held that a claimant is not a third party beneficiary under a contract of liability insurance between the alleged tortfeasor and the insurer," citing State Farm Mut. Auto. Ins. Co. v. Allen, 744 S.W.2d 782, 785 (Mo. 1988) (en banc)).  St. Louis Heart thus lacks standing to pursue its counterclaim against Nationwide under Missouri law.

Similarly, under Georgia law, the general rule is that "a party who alleges he has been damaged is not entitled to bring a direct action against the liability insurer of the party who allegedly caused the damage."  Commercial Union, 367 S.E.2d at 822.  Exceptions exist where the damaged party has a judgment against the insured, liability has been otherwise fixed, or a provision in the policy or a specific statute permits such an action to be brought.  Hartford Ins. Co. v. Henderson & Son, Inc., 371 S.E.2d 401, 402 (Ga. Ct. App. 1988) (citing Seaboard Coast Line R. Co. v. Freight Delivery Service, Inc., 210 S.E.2d 42, 45 (Ga. Ct. App. 1974)).  None of the exceptions to the

8

general rule apply here, so St. Louis Heart also lacks standing to pursue its counterclaim against Nationwide under Georgia law.

St. Louis Heart's assertion that it must assert a compulsory counterclaim under Rule 13(a) because it is a necessary party under Rule 19 is without merit.  St. Louis Heart must first possess a viable claim, whether compulsory or permissive, before Rule 13(a) comes into play.  See Evanston Ins., 2013 WL 4505298, at *3 n.3.  Because St. Louis Heart lacks standing under both Missouri and Georgia law to assert its counterclaim, it does not have a viable claim.

**Conclusion**

For the foregoing reasons, Nationwide's motion to dismiss the counterclaim of St. Louis Heart Center, Inc., construed as a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., will be granted, as St. Louis Heart lacks standing to pursue its counterclaim against Nationwide in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss the counterclaim of St. Louis Heart Center, Inc. is **GRANTED**.  [Doc. 25]

An order of partial dismissal will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  7th  day of October, 2013.

9